THE STATE, THOMAS D. HOXSEY AND DAVID B. BEAM, PROSECUTORS, v. ABSALOM B. WOODRUFF AND THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON.

1. Under the charter of the city of Paterson, audit by the comptroller and approval by the committee of finance, of a claim for services against the city, is not an order of allowance of the bill by the corporation, and *certiorari* will not lie to review their action.
2. A resolution of the board of aldermen, allowing the claim and ordering payment, would be subject to such review.

On *certiorari* to remove proceedings of the board of aldermen of the city of Paterson for the payment of money.

Two bills were presented to the city of Paterson by Mr. Woodruff, for legal services rendered by him under an employment, as it is claimed, by the city authorities. One bill for $1000 was paid, and the other, for $3723.60, remains unpaid.

The return to the writ shows the proceedings had, touching the second-mentioned bill, by the city comptroller, the bureau of finance, and the board of aldermen, to be these:

In June, 1875, the committee or bureau of finance reported the bill to the board of aldermen, for instructions, which board referred the bill back to the committee. July 14th, the committee instructed their chairman to obtain, if he could, a reduction of the bill. August 14th, a resolution offered in the committee to approve the bill, was disagreed to. September 6th, a resolution offered in the board of

aldermen to pay it, and authorizing comptroller to draw a warrant on the treasurer, was negatived.

September 20th, the comptroller, in his monthly report to the board of bills audited by him, included the one in question. It was, by order of the president, stricken from the list as improper there. The board sustained the action of the president. By a further resolution, the bill was referred to the committee, and it was by the committee immediately reported to the board as approved by them.

No further proceedings were had, touching the bill, by the board of aldermen.

Argued at June Term, 1876, before Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiffs, *Thomas D. Hoxsey.*

For the defendants, *John Hopper* and *A. B. Woodruff.*

At the hearing, the counsel for defendants moved to dismiss the writ of *certiorari*, on the ground that no act or adjudication of the city was brought by the writ for review.

The opinion of the court was delivered by

KNAPP, J. The writ of *certiorari* in this cause directed to be sent here the proceedings of the city of Paterson touching the payment of a certain bill for legal services, presented against the city by Mr. Woodruff, and paid, and all the proceedings looking to the payment of another bill, for like services rendered by Mr. Woodruff, and presented to the city authorities for their action.

By the reasons filed, objections are directed against the latter bill only. The controversy sought to be raised in the cause, is over the legal right of the corporation, under the provisions of the city charter, to employ and pay for legal services such as are charged in the bill, any person other than he who, for the time, holds the office of " city counsel ;"

the position of the prosecutors being that, as the charter provides for the appointment of such officer for a term, under a salary to be prescribed by ordinance, and subjects the person holding the office to the work of prosecuting and defending all actions for or against the city, as part of his official duty, the city cannot lawfully employ and pay other counsel to perform, or aid in performing, any of those duties, while the city has such city counsel, receiving his salary from the treasury.

This question would be fairly presented for settlement in this cause, if any definite action had been taken by the city for its allowance or payment.      But, as the case shows, the question of its payment, although under deliberation by those having power to decide upon the payment of bills against the city, before any conclusion was reached in favor of or adverse to its payment, their proceedings were stayed by the presentation of the writ which removes those proceedings here.

The allowance of the bill by the city required the report of audit by the comptroller, the approval of the bureau of finance, and, upon these, the resolution of the board of aldermen ordering the payment, by warrant on the treasurer. *Charter of City of Paterson,* §§ 34, 37.

The bureau of finance had approved it.      The return of the bill to the board of aldermen, by the comptroller, had been declared irregular, and no new return had been made by the comptroller, and all the action taken in the board of aldermen, so far as the record shows, had been, seemingly, adverse to the payment of the bill.      The case, in its present position, presents no final action of the city to be considered by us, and the writ of *certiorari* cannot be used to draw judicial opinions in advance, or to affect adjudications of subordinate tribunals.

" An order, judgment or determination, affecting the rights of the prosecutor, is necessary, as a foundation for the use of the writ."      *Watson* v. *Medical Society of New Jersey,* 9 *Vroom* 381.

It is not a proper use of the writ to intercept and remove, for review, the steps in a procedure, preliminary to a decision or final resolution therein, except where the court issuing the writ can continue the proceedings to completion. *Elder* v. *District Medical Society of Hudson Co.*, 6 *Vroom* 202.

The comptroller's audit, and the approval of a bill by the bureau of finance, are, under the city charter, generally prerequisites to the action of the board of aldermen in ordering payment, but, standing alone, they constitute no resolution or determination of the corporation, and are without any conclusive force or effect. They impose no duty upon the board of aldermen, except to consider the right or propriety of payment, and, by their determinate act, to allow or reject, as their judgment prompts.

Until that board has passed upon the bill, it cannot be said that the city has acted or resolved upon anything respecting it.

In this respect, this case differs from the case of *State, Gregory et al., pros.*, v. *Jersey City*, 5 *Vroom* 390, cited and much relied on by counsel of the prosecutors.

In this case, the proceedings, as shown by the return, present no action or resolution of the defendant, to be reversed or affirmed. We are compelled, therefore, to grant the motion of the defendants and dismiss the *certiorari*.